UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY M. JOSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1297-B |
| | § | |
| CARIS LIFE SCIENCES, INC. d/b/a | § | |
| CARIS LIFE SCIENCES AND CARIS | § | |
| LS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Caris Life Sciences, Inc. d/b/a Caris Life Sciences and Caris

LS ("Caris")'s Partial Motion to Dismiss Plaintiff Jeremy M. Josey's Original Complaint (Doc. 4).

Caris alleges Josey's Complaint does not state a retaliation claim because Josey failed to exhaust his

administrative remedies. For the following reasons, the Court **GRANTS** Caris's Motion and

dismisses his retaliation claims **WITHOUT PREJUDICE**.

I.

BACKGROUND[1]

This is an employment discrimination case. Josey worked for Caris as a Network Engineer

from July 12, 2021, to December 2, 2021. Doc. 1, Compl., ¶ 6. "On July 30, 2021, [Caris] established

a policy requiring all employees to receive Covid vaccinations or obtain an exemption." *Id.* ¶ 11.

---

[1] The Court derives the factual background from Josey's Complaint and charge of discrimination ("Charge"). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Carter v. Target Corp.*, 541 F. App'x 413, 416 (5th Cir. 2013) (quotation omitted). Caris attached the Charge to its Motion to Dismiss. Doc. 6, Def.'s App'x. The Charge is also referenced in the Complaint and is central to Josey's retaliation claim. Doc. 1, Compl., 7, ¶ 24.

Josey objected to getting vaccinated because he alleges all available vaccines were developed using "fetal cell tissue taken via elective abortion procedures" and such procedures conflicted with his "sincerely held religious beliefs." *Id.* ¶¶ 8, 13. Consequently, Josey requested a religious accommodation that would exempt him from the vaccination requirement on October 6, 2021. *Id.* ¶¶ 12–13. Caris denied Josey's request for an exemption on October 19, 2021, and warned Josey he would be terminated unless he was "fully" vaccinated by December 1, 2021. Doc. 6, Def.'s App'x, Charge, 1–2. Josey reasserted his request, but Caris terminated Josey's employment on December 2, 2021, because he did not get vaccinated. Doc. 1, Compl., ¶ 17.

On December 8, 2021, Josey filed a charge of discrimination ("Charge") with the Texas Workforce Commission Civil Rights Division ("TWC") and the Equal Employment Opportunity Commission ("EEOC"). Doc. 6, Def.'s App'x, Charge; *see also* Doc. 1, Compl., ¶ 24. When filling out the Charge, Josey checked the box on the Charge indicating religious discrimination but failed to check the accompanying box alleging retaliation. Doc. 6, Def.'s App'x, Charge, 1. In the Charge's narrative section, Josey claimed that Caris denied his request for a religious accommodation to Caris's vaccine requirement and threatened to fire him if he was not vaccinated by December 1, 2021. *Id.* at 1–2. According to the Charge, Josey appealed this denial, but Caris did not change its decision and terminated Josey. *Id.* After filing the Charge, Josey subsequently received a notice of his right to sue from the EEOC and filed this lawsuit, asserting claims for religious discrimination and retaliation. Doc. 1, Compl., ¶¶ 3, 21, 26.

Caris filed its Partial Motion to Dismiss (Doc. 4), arguing that Josey "failed to exhaust his administrative remedies" for his retaliation claim. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alterations and internal quotations omitted). But the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

## III.

## ANALYSIS

Caris argues that Josey failed to exhaust his administrative remedies for his retaliation claim because he did not check the box for "retaliation" on the Charge. Doc. 5, Br. Mot., 5. Caris further claims that Josey's Charge "is devoid of any facts supporting a claim for retaliation." Doc. 11, Reply, 2; *see* Doc. 5, Br. Mot., 1.

Caris moves to dismiss Josey's retaliation claims under both Title VII and Chapter 21 of the Texas Labor Code. Doc. 4, Mot., 1. The Supreme Court of Texas construes the Texas Labor Code "to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (citations omitted). Accordingly, "the Court's Title VII analysis applies equally to [Josey's] Texas [law] claim[]." *Sosebee v. Tex. Alcoholic Beverage Comm'n*, 906 F. Supp. 2d 596, 600 (N.D. Tex. 2012) (Godbey, J.).

A.   *Josey Failing to Check the "Retaliation" Box on His Charge is Not Dispositive.*

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Plaintiffs exhaust their administrative remedies under Title VII when they file an administrative charge with the EEOC and subsequently receive a notice of their right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Because "discrimination and retaliation claims are distinct," an EEOC charge only alleging discrimination generally does not also exhaust a plaintiff's administrative remedies for retaliation. *See Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 Fed. App'x 917, 921 (5th Cir. 2009) (per curiam).

But the Fifth Circuit "do[es] not require that a Title-VII plaintiff check a certain box or

recite a specific incantation to exhaust his or her administrative remedies." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) (citation omitted and internal footnote omitted). Rather, courts read EEOC charges "somewhat broadly" to ascertain "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 789 (citation omitted).

Here, Josey only checked the box on the Charge for religious discrimination; he did not check the box indicating retaliation. Doc. 6, Def.'s App'x, Charge, 1. Thus, the Court must determine whether an EEOC investigation of retaliation would "reasonably be expected to grow" from the facts he alleged in the Charge. *See Pacheco*, 448 F.3d at 789.

B.    *A Retaliation Investigation Would Not Reasonably Be Expected to Grow Out of the Facts Josey Alleged in His Charge.*

"Courts have looked to whether the EEOC charge contains factual allegations to support an un-checked claim." *Huff v. DRE Mgmt., Inc.*, No. 3:12-CV-0414-B, 2012 WL 3072389, at *3 (N.D. Tex. July 30, 2012) (Boyle, J.). "[I]f the allegations in the narrative are found to be sufficient to have put an investigator on notice of a retaliation claim, then the claim will be deemed to have been exhausted." *Brown v. Peterson*, No. 7:03 CV 0205, 2006 WL 349805, at *6 (N.D. Tex. Feb. 3, 2006) (Buchmeyer, J.). Here, the Court will use the elements of a Title VII retaliation claim to evaluate whether an EEOC investigation of retaliation would "reasonably be expected to grow" from the facts Josey alleged in the Charge. *See Pacheco*, 448 F.3d at 791 (holding that the prima facie case is relevant for determining whether an investigation would reasonably be expected to grow out of the facts alleged in an EEOC charge).

To state a prima facie case for a Title VII retaliation claim, Josey is required to show: "1) [he] engaged in protected activity, 2) [he] suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *See Wright v. Union Pac.*

*R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (citation omitted). The Court finds that Josey failed to exhaust his administrative remedies for his retaliation claims because he alleged facts in his Charge establishing there is no causal link between his engaging in a protected activity and his adverse employment action.

First, Josey alleged facts in his Charge suggesting he engaged in a protected activity for the purposes of a Title VII retaliation claim. Under Title VII, employees engage in a protected activity when they "oppose[] any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e–3(a). Here, Josey alleged in his Charge that he requested a religious accommodation from Caris's vaccine mandate. *See* Doc. 6, Def.'s App'x, Charge, 1. However, it is not entirely clear whether requesting a religious accommodation constitutes a protected activity for the purposes of maintaining a Title VII retaliation claim. While the Fifth Circuit has not yet addressed this question, the EEOC considers requesting a religious accommodation to be a protected activity under the opposition clause of § 2000e–3(a).[2] Several district courts within this Circuit have followed the EEOC's guidance and held that requesting a religious accommodation is a protected activity. *See, e.g., EEOC v. U.S. Steel Tubular Prods., Inc.*, No. 4:14-CV-02747, 2016 WL 11795815, at *16 (S.D. Tex. Aug. 4, 2016). In contrast, one district court within the Fifth Circuit held that requesting a religious accommodation was not a legally protected activity for the purposes of a Title VII retaliation claim. *Reichert v. Infusion Partners, L.L.C.*, No. CV 22-5450, 2023 WL 4685377, at *6 (E.D. La. July 21, 2023).

Ultimately, the Court will not decide whether requesting a religious accommodation

---

[2] EEOC Directive No. 915.004, *EEOC Enforcement Guidance on Retaliation and Related Issues*, at § II(A)(2)(e) (Aug. 25, 2016), available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-retaliation-and-related-issues.

constitutes a protected activity because the inquiry here is solely whether a retaliation investigation "would reasonably be expected to grow" out of Josey's Charge. Because the EEOC takes the position that requesting a religious accommodation is a protected activity,[3] and the Fifth Circuit has not yet foreclosed this argument, there is an ambiguity in the controlling substantive law. Such "ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *See Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019). Thus, the first element of a retaliation claim suggests that an EEOC investigation into retaliation "would reasonably be expected to grow" out of Josey's allegation that he requested a religious accommodation in his Charge. *See Pacheco*, 448 F.3d at 791.

Second, the Charge includes allegations that Josey suffered an adverse employment action. Caris terminated Josey's employment on December 1, 2021. Doc. 6, Def.'s App'x, Charge, 2. Employment termination is an adverse employment action under Title VII. 42 U.S.C. § 2000e–2(a)(1).

Third, Josey's Charge included allegations that foreclosed the possibility of his termination being caused by his requesting an accommodation. While plaintiffs are not required to allege a prima facie case in their EEOC charges, *Pacheco*, 448 F.3d at 792, Josey did not simply fail to allege a prima facie case for retaliation in his Charge. Instead, he alleged facts suggesting there is no causal link between his potentially protected activity and his adverse employment action. Josey alleged that Caris instituted a company policy that required all Caris employees "to be vaccinated to remain employed." Doc. 6, Def.'s App'x, Charge, 1. Caris then denied Josey's request for an accommodation

---

[3] EEOC Directive No. 915.004, *EEOC Enforcement Guidance on Retaliation and Related Issues*, at § II(A)(2)(e) (Aug. 25, 2016) available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-retaliation-and-related-issues.

and reiterated the policy by telling Josey, "unless you are fully vaccinated by December 1, 2021, your employment will be terminated for non-compliance with the company's vaccine mandate." *Id.* at 1–2. Consistent with this policy, Josey was fired when he was still unvaccinated on December 1, 2021. *Id.* at 2. The Charge contains no contrary facts suggesting that there is any causal link between Josey requesting an accommodation to the vaccine requirement and Caris ultimately firing him. Thus, the facts in the Charge establish that Josey was fired for being unvaccinated, and nothing else. Therefore, the Court finds that a reasonable investigator would not have been put on notice of a retaliation claim. *See Brown*, 2006 WL 349805, at *6.

In sum, while Josey requested a religious accommodation and suffered an adverse employment action, the facts he alleged in his Charge suggest there is no causal link between the two. Accordingly, the Court finds that Josey failed to exhaust his administrative remedies for his retaliation claims and dismisses his retaliation claims without prejudice. *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) ("When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies.").

## IV.

## CONCLUSION

Because an EEOC investigation into retaliation would not be reasonably expected to grow out of Josey's Charge, Josey failed to administratively exhaust his retaliation claims. Therefore, the Court **GRANTS** Caris's Partial Motion to Dismiss (Doc. 4) and **DISMISSES** Josey's retaliation claims under Title VII and Chapter 21 of the Texas Labor Code **WITHOUT PREJUDICE.**

SO ORDERED.

SIGNED: March 14, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE